IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

OLUWASEGUN OGUN,                                                                                  PLAINTIFF
REG. #79645-083

v.                                              2:17CV00079-KGB-JTK

LLOYD, et al.                                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before

1

the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Ogun filed this pro se 42 U.S.C. § 1983 action while incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas, and the Court granted his Motion to proceed in forma pauperis on June 26, 2017 (Doc. No. 16). However, finding that Plaintiff's allegations failed to state a constitutional claim for relief, the Court directed Plaintiff to submit an Amended Complaint within thirty days. (Id.) Plaintiff subsequently filed a Motion to Dismiss his Complaint, which this Court recommended be granted on July 11, 2017 (Doc. No. 21). However, he then filed an objection to the recommendation, together with an Amended Complaint (Doc. No. 22). On December 21, 2017, United States District Judge Kristine G. Baker denied the Recommendation as moot, and directed me to consider Plaintiff's Amended Complaint. (Doc. No. 26).

However, in the Amended Complaint, Plaintiff alleged in excess of ten claims against fifteen individual Defendants. (Doc. No. 22) Not all the allegations were related to each other,

2

and most failed to state constitutional claims for relief. Therefore, by Order dated January 9, 2018, I found that the Amended Complaint failed to comply with FED.R.CIV.P. 8(a)(2), because it did not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." (Doc. No. 27) I then provided Plaintiff one final opportunity in which to file a short Amended Complaint setting forth **one claim** (referring to one incident) against the Defendant or Defendants involved, which he wished to pursue in this case. (Id.) I gave Plaintiff specific instructions about what type of facts he should include in the complaint, and noted that the second Amended Complaint would render his other complaints without legal effect, and would take the place of those pleadings.[1] (Id, pp. 2-3)

As of this date, however, Plaintiff has not submitted a second Amended Complaint, and at least one prior Court Order sent to him was returned to the Court as undeliverable (Doc. No. 28).

Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

In light of Plaintiff's failure to notify the Court of his new address or to respond to the

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. Of America, 101 F.3d 600, 603 (8th Cir. 1996) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted)).

Court's January 9, 2018 Order, the Court finds that Plaintiff's Complaint should be dismissed without prejudice, for failure to prosecute.   Accordingly,

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint be dismissed without prejudice, for failure to prosecute.

2. All pending Motions be DENIED as moot.

IT IS SO RECOMMENDED this 12th day of February, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE